IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CENTRAL SANTA LUCIA, L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-367-JLH-SRF |
| ) | |
| EXPEDIA GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this **25th** day of **October 2024**, both parties raised multiple discovery disputes before the court. (D.I. 113; D.I. 114) The court has considered the parties' letter briefing on the pending discovery motions. (D.I. 125; D.I. 126; D.I. 129; D.I. 130) During a video conference on October 23, 2024, the court heard argument on the motions and made rulings from the bench. IT IS ORDERED as follows:

**1. Background.** This case involves claims by Plaintiff, Central Santa Lucia, L.C., ("CSL") against Defendant, Expedia Group, Inc. ("Expedia"), for trafficking in confiscated land, upon which eight "Subject Hotels" were built, pursuant to 22 U.S.C. § 6021, *et seq.* (the "Helms-Burton Act"). (D.I. 89 at ¶¶ 175–86)

**2.** On September 24, 2024, these motions were referred to the undersigned Magistrate Judge. (D.I. 117) The court has considered the parties' letter briefing and accompanying exhibits. (D.I. 125; D.I. 126; D.I. 129; D.I. 130)

**DEFENDANT'S ISSUES**

**3.** Expedia's motion to strike CSL's damages expert, Mr. Younge, from testifying at trial and strike his report dated July 24, 2024, is DENIED without prejudice. Expedia seeks to strike the expert report of Mr. Younge and preclude him from testifying in this

case, on the basis that the report does not contain the facts or data considered by the witness in forming his final opinions of market value for the subject properties identified in the chart titled "Portfolio Summary" on page two of his report. (*See* D.I. 125 at 1; D.I. 125-1 at 2) Expedia argues that the report is improper under Rule 26(a)(2)(B), and therefore, the court should strike the report under the *Pennypack* factors. *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977), *overruled on other grounds*, *Goodman v. Lukens Steel Co.*, 111 F.2d 113 (3d Cir. 1985). Expedia argues that Mr. Younge's failure to provide the data and facts used to derive the appraisal values contained in the "Portfolio Summary" chart on page 2 of his report (D.I. 125-1 at 2), is the equivalent of a failure to disclose. (D.I. 125 at 2) Expedia further argues that certain elements of the report were withheld in a "work file." (*Id.*) During oral argument, Expedia added that while three third-party documents were subsequently produced by CSL, the supplemental documents did not supply the basis or support for Mr. Younge's Portfolio Summary. (D.I. 125-1 at 2)

    4.    In opposition, CSL argues that they timely served Mr. Younge's 88-page expert valuation report, and that Mr. Younge sufficiently explains his methodology and the basis for his valuation opinion. (D.I. 129 at 2) CSL argues there is no basis for applying the "severe sanction" of exclusion under *Pennypack* which should be reserved for undisclosed or untimely disclosed expert opinions. (*Id.*) At oral argument, CSL argued that while not all information Mr. Younge used was produced, the figures provided to Expedia in the report and supplemental document production could be utilized by Expedia's own expert to create a valuation model to determine how Mr. Younge reached his valuation figures in his Portfolio Summary.

    5.    Challenges to an expert's opinions and methodology are typically presented in a *Daubert* motion. *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 594, 597 (1993) (holding

that the trial court has the "task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand[]" before being presented to a jury). Expedia argues that the *Pennypack* analysis is appropriate here, where the expert report fails to provide the facts and calculations for the final valuation figures. Nonetheless, even assuming, *arguendo*, the *Pennypack* factors are applicable, they do not weigh in favor of the draconian remedy of exclusion, based on this record. In *Pennypack,* the Third Circuit held that the exclusion of evidence under Rule 37 is an "extreme sanction," the appropriateness of which turns on a number of factors. *Pennypack*, 559 F.2d at 905. The five "*Pennypack* factors" are: "(1) 'the prejudice or surprise in fact of the party against whom excluded witnesses would have testified' or the excluded evidence would have been offered; (2) 'the ability of that party to cure the prejudice'; (3) the extent to which allowing such witnesses or evidence would 'disrupt the orderly and efficient trial of the case or of other cases in the court'; (4) any 'bad faith or willfulness in failing to comply with the court's order'; and (5) the importance of the excluded evidence." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (quoting *Pennypack*, 559 F.2d at 904–05)

    **6.** Expedia's claims of prejudice under the first and second factors do not weigh in favor of striking Younge's report. At this stage of the case there is adequate opportunity to cure any such prejudice by requiring CSL to produce the underlying factual data supporting Younge's final opinions of market value in his Portfolio Summary. In other words, CSL must produce the data sufficient to show how the expert's valuation figures were derived. As to the third *Pennypack* factor, the court finds no disruption to the orderly and efficient trial of the case pending the opportunity for CSL to make a supplemental production of the underlying data used by the expert. There is sufficient time in the schedule for the production, and no trial date has

yet been set. (*See* D.I. 122) Thus, this factor is neutral. As to the fourth factor, Expedia has not produced evidence of CSL's bad faith or willful disregard of a court order, so this factor does not weigh in favor striking the report. The fifth factor also weighs in favor of CSL, due to the importance of Mr. Younge's opinions on damages.

7.  Accordingly, the court DENIES, without prejudice, the motion to strike, but alternatively, ORDERS CSL to produce all of the data and factual information that Mr. Younge relied upon in deriving the calculations shown in the "Portfolio Summary" section of his report, including, but not limited to, any facts and data that Mr. Younge will testify supports his opinions. This production shall be made on or before fourteen (14) days from the date of this Order. Following the supplemental production, the parties should engage in a meaningful meet and confer session prior to seeking further relief from the court.

8.  **Expedia's motion to compel CSL to provide complete responses to Request for Production No. 31 is DENIED without prejudice.** Expedia argues that documents from a similar litigation filed in Spain[1], against a Spanish hotel operator, Melia Hotels International, S.A. which involves some of the same properties at issue in this case, should be produced in their entirety. (D.I. 125 at 2–3) CSL objects to production based upon Spanish law and advice from its Spanish counsel that the production of documents from that court proceeding is prohibited. (D.I. 129-1) CSL further states that the only documents withheld are those of other parties, non-parties, and the Spanish court, otherwise it has already produced CSL's own materials. Expedia states during the meet and confer CSL advised they would provide the relevant Spanish law which formed the basis of CSL's objection to producing these documents, but CSL did not do so until briefing this discovery dispute. (*Id.*)

---

[1] *See* D.I. 125-5 at ¶ 10

4

9.  First, it is clear from the argument that a meaningful meet and confer process has not taken place between the parties prior to this issue being raised. There is nothing in the moving submission explaining why Expedia contends that CSL's alleged basis for withholding documents under Spanish law is improper. There is no citation to Spanish law and no legal authorities are cited in the briefing, by either party, demonstrating how federal Courts have ruled when there is a conflict between the discovery requirements under the Federal Rules of Civil Procedure and a foreign sovereign's law on document disclosures. CSL shall provide Expedia with a proper citation to the Spanish law upon which it relies and case authorities, if any, supporting its position, within fourteen (14) days of this Order. Upon review of the legal authority asserted by CSL, and if Expedia believes it has a reasonable basis to compel the discovery, the parties shall engage in a meaningful meet and confer session, before renewing the motion with the court.

10. **Expedia's motion to compel CSL to provide complete responses to Request for Production No. 32 is GRANTED-IN-PART.** In accordance with the parties' discussion during the hearing, CSL is ordered to confirm that all information responsive to this interrogatory has been produced within fourteen (14) days of this Order.

11. **Expedia's motion to compel CSL to provide complete responses to Interrogatory Nos. 4, 5, 6, and 8 is GRANTED-IN-PART.** In accordance with the parties' discussion during the hearing, CSL shall provide supplemental responses to Expedia within fourteen (14) days of this Order.

12. **Expedia's motion to compel CSL to provide complete response to Interrogatory No. 13 is GRANTED-IN-PART.** In accordance with the parties' discussion during the hearing,

CSL shall provide a supplemental response to the extent it relies on an expert report regarding the subject matter of this request, on or before fourteen (14) days from the date of this Order.

**13. All supplemental interrogatory responses shall be made under oath, in accordance with Federal Rule of Civil Procedure 33(b)(3).**

PLAINTIFF'S ISSUES

**14. CSL's motion to compel Defendant to provide responses to Interrogatory No. 1 is GRANTED-IN-PART.** CSL's motion is GRANTED, consistent with the representations made by Expedia in its opposition that it: ". . . has produced or will produce all responsive information from its affiliates that offered reservations at the Subject Hotels, and Expedia Group has agreed to amend its interrogatory answer to include the bates numbers of the documents that contain this responsive information." (D.I. 130 at 4) Accordingly, CSL's motion is GRANTED-IN-PART as to this information and same shall be produced, to the extent it is available, within fourteen (14) days from the date of this Order.

**15. CSL's motion to compel responses to: Request for Production No. 1 (first set) and Request for Production 1, 2, 4 to 6, 9 to 12, 14, 16 to 17, 18 to 19, 25, 26, 28, 33 (second set), is DENIED without prejudice.** In accordance with the parties' discussion during the hearing, the parties are to conduct a further meet and confer on the alleged deficiencies in Expedia's written discovery responses, in accordance with this court's discovery dispute procedures.

**16.** During the hearing, CSL informed the court that subsequent to the briefing of these motions, CSL had been served with responses to additional sets of written discovery by Expedia. Rather than addressing the remaining discovery disputes in a piecemeal fashion, the court ORDERS the parties to engage in a meaningful meet and confer process regarding alleged

6

deficiencies in responses to all written discovery sets served by each side, to date, and make a reasonable effort to narrow the disputes before seeking further relief from the court.

    **17. Conclusion.** For the foregoing reasons, IT IS ORDERED that:

        **a.** Expedia's motion to strike CSL's damages expert, Mr. Younge, from testifying at trial and strike his expert report dated July 24, 2024, is DENIED without prejudice. Alternatively, CSL is ORDERED to produce all of the underlying factual data that Mr. Younge relied upon in deriving the calculations shown in the "Portfolio Summary" section of his report, including, but not limited to, any facts or data that Mr. Younge will testify supports his opinions. This production shall be made on or before fourteen (14) days from the date of this Order.

        **b.** Expedia's motion to compel CSL to provide complete responses to Request for Production No. 31 is DENIED without prejudice.

        **c.** Expedia's motion to compel CSL to provide complete responses to Request for Production No. 32 is GRANTED-IN-PART. This production shall be made on or before fourteen (14) days from the date of this Order.

        **d.** Expedia's motion to compel CSL to provide complete responses to Interrogatory Nos. 4, 5, 6, 8, and 13 is GRANTED-IN-PART. This production shall be made on or before fourteen (14) days from the date of this Order.

        **e.** CSL's motion to compel Expedia to provide responses to Interrogatory No. 1 is GRANTED-IN-PART. This production shall be made on or before fourteen (14) days from the date of this Order.

        **f.** CSL's motion to compel Expedia to provide responses to Request for Production No. 1 (first set) and Request for Production Nos. 1 to 2, 4 to 6, 8, 9 to 12, 14, 16

to 17, 18 to 19, 25, 26, 28, 33, and 34 to 35 (second set), is DENIED without prejudice.

18. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

19. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge