IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CENTRAL SANTA LUCIA, L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 22-cv-367-JLH |
| ) | |
| EXPEDIA GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Pending before the Court are Defendant Expedia Group, Inc.'s ("Expedia's") Motion for Sanctions Under Rule 11 and the Court's Inherent Powers (D.I. 90), Expedia's Motion to Stay (D.I. 138) pending the Court's ruling on its motion for sanctions, and Plaintiff Central Santa Lucia, L.C.'s ("CSL's") Motion to Appoint Special Master (D.I. 112).

CSL filed this action under Title III of the Helms-Burton Act, 22 U.S.C. § 6082. The parties do not dispute that, to bring an action under that statute, CSL must have acquired ownership of its claim before March 12, 1996. 22 U.S.C. § 6082(a)(4)(B). CSL alleges in the Amended Complaint that it acquired ownership of its claim on March 7, 1996. (D.I. 88 ¶ 7.) In support of that contention, CSL produced documents in discovery that purport to evidence assignment of a claim to CSL on March 7, 1996.

Expedia has now moved for sanctions against CSL and its attorneys. (D.I. 90.) In support of its request for sanctions, Expedia has submitted to the Court substantial evidence that the assignment documents were fraudulently backdated and were, in fact, executed years after March 12, 1996. Expedia also asks this Court to stay all proceedings in this case pending the Court's determination of whether CSL and its attorneys engaged in sanctionable conduct by filing a

complaint without conducting a reasonable inquiry into whether the allegations concerning the purported March 7, 1996 assignment were false.  (D.I. 138.)

For its part, CSL says it has direct evidence (in the form of witness testimony) that the alleged assignment documents were executed prior to March 12, 1996.  (*See* D.I. 97 at 5.)  CSL also asks this Court to appoint a special master pursuant to Federal Rule of Civil Procedure 53 and 22 U.S.C. § 6083(a)(2) "to make determinations regarding the amount and ownership of the claim."  (D.I. 112 at 1.)

The factual question of whether CSL acquired ownership of its alleged claim prior to March 12, 1996, is hotly disputed, and its resolution may be dispositive of this case.  The Court is not persuaded that the assistance of a special master in resolving that dispute is necessary or appropriate; accordingly, CSL's motion (D.I. 112) is DENIED.  Nor is the Court persuaded that it would be appropriate to rule on Expedia's motion for sanctions before the close of discovery and the resolution of the factual dispute underlying the motion; accordingly, Expedia's motion for sanctions (D.I. 90) is DENIED without prejudice to renew, and its motion to stay (D.I. 138) is DENIED as moot.

That said, the Court appreciates Expedia's point that first resolving the question of whether and when CSL acquired its alleged claim before turning to the other issues in the case has the potential to expedite and economize these proceedings.  Under these unique (and highly concerning) circumstances, the Court is inclined to stay discovery on all issues except the issue of whether and when CSL acquired ownership of its alleged claim from the alleged assignors.  As that issue has the potential to be entirely dispositive of this case, the Court is further inclined to bifurcate that issue for trial pursuant to Rule 42(b), which permits a separate trial of one or more issues "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b).

The parties shall meet and confer to discuss the Court's proposal. A telephonic status conference is set for March 14, 2025 at 10:00 am. The parties shall dial the Court's conference line at (855) 244-8681, access code: 2308 575 8700.

March 10, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE