IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CENTRAL SANTA LUCIA, L.C., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 22-cv-367-JLH |
| EXPEDIA GROUP, INC., | ) |
| Defendant, | ) |

## MEMORANDUM ORDER

Pending before the Court is Defendant Expedia Group, Inc.'s ("Defendant's") Motion to Strike Plaintiff's Jury Demand (D.I. 156). The motion is DENIED.

Plaintiff Central Santa Lucia, L.C. ("Plaintiff") filed this action under Title III of the Cuban Liberty and Democratic Solidarity Act of 1996, 22 U.S.C. § 6021, *et seq.* ("Helms-Burton Act"). The operative pleading demands a jury trial "on all issues so triable." (D.I. 88 at 57.) Plaintiff seeks to recover statutory damages equal to "the 'fair market value' of [the trafficked] property, plus interest," pursuant to 22 U.S.C. § 6082(a)(1)(A). (D.I. 88 ¶ 186.) Defendant contends that Plaintiff has no federal right to a jury trial and asks the Court to strike Plaintiff's jury demand under Federal Rule of Civil Procedure 39(a).

The right to a jury trial can arise from either a statutory grant or the Seventh Amendment. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The parties agree that Title III of the Helms-Burton Act does not provide a statutory right to a jury trial. Accordingly, the question the Court needs to answer is whether a Helms-Burton Act Title III claimant such as Plaintiff has a right to a jury trial that arises from the Seventh Amendment. To answer that question, the court must first "compare the statutory action 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity," and second,

examine "the remedy sought and determine whether it is legal or equitable in nature." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989) (quoting *Tull v. United States*, 481 U.S. 412, 417–18). "The second stage of this analysis is more important than the first." *Id*.

Multiple courts have concluded that a Title III claim and relief are legal in nature and that there is therefore a Seventh Amendment right to a jury trial. *See, e.g., Echevarria v. Expedia Inc.*, 19-22621, Dkt. No. 369, at *3 (S.D. Fla. Feb. 26, 2025); *De Fernandez v. Seaboard Marine, Ltd.*, No. 20-25176, 2022 WL 2237186, at *9 (S.D. Fla. June 22, 2022); *Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, No. 19-23591, 2022 WL 708386, at *8 (S.D. Fla. Jan. 11, 2022), *report and recommendation adopted*, No. 19-23591, 2022 WL 499710 (S.D. Fla. Feb. 18, 2022). The Court agrees with those cases that Title III claims resemble common law tort claims triable by juries and that the monetary remedy sought is legal in nature.

NOW, THEREFORE, it is HEREBY ORDERED that Defendant's Motion to Strike (D.I. 156) is DENIED.

July 6, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

2