IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CENTRAL SANTA LUCIA, L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-367-JLH |
| | ) | |
| EXPEDIA GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington on this **8th** day of **July 2025**, the court having considered the parties' letter briefing on Defendant Expedia Group Inc.'s, ("Expedia") motion to compel the production of documents which Plaintiff, Central Santa Lucia, L.C., ("CSL") claims are protected by the attorney-client privilege and/or work product doctrine (D.I. 203; D.I. 214; D.I. 216) and having heard argument on the pending motion and issued a bench ruling on July 7, 2025, which is hereby incorporated by reference, IT IS ORDERED that Expedia's motion to compel is **GRANTED-IN-PART and DENIED-IN-PART** for the reasons set forth below:

**1. Background.** This case involves claims by Plaintiff, CSL, against Defendant, Expedia, for trafficking in confiscated Cuban properties, pursuant to Title III of the Helms-Burton Act, 22 U.S.C. § 6082 (the "Helms-Burton Act"). (D.I. 89 at ¶¶ 175–86) It is undisputed by the parties that, to bring an action under that statute, Plaintiff, CSL, must have acquired ownership of its claims on or before March 12, 1996. 22 U.S.C. § 6082(a)(4)(B). CSL was formed on March 7, 1996, as a Limited Corporation in the State of Florida for the sole purpose of litigating its claims to property in Cuba. The heart of the controversy now involves the allegation by Expedia that the assignment documents on which CSL relies to support its claims were fraudulently created, backdated, and executed after the March 12, 1996, deadline. The

court entered a stay of discovery on March 10, 2025, bifurcating the issue of assignment pursuant to Rule 42(b). (D.I. 150) A two-day jury trial is scheduled to begin on July 29, 2025. The sole issue for trial is whether and when CSL acquired ownership of its alleged claim from the alleged assignors for July 29, 2025. (D.I. 155)

2. **Legal standard.** "The attorney-client privilege protects communications between a client and an attorney related to the purpose of securing legal advice." *Idenix Pharms., Inc. v. Gilead Scis., Inc.*, 195 F. Supp. 3d 639, 642 (D. Del. 2016) (citing *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994)). The party asserting the privilege bears the burden of demonstrating its applicability. *In re Grand Jury*, 705 F.3d 133, 160 (3d Cir. 2012). To satisfy this burden, the party asserting the privilege must demonstrate that the withheld material is "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purposes of obtaining or providing legal assistance for the client." *In re Chevron Corp.*, 650 F.3d 276, 289 (3d Cir. 2011).

3. The work product doctrine permits a party to withhold documents prepared in anticipation of litigation when the party can prove the relevant material: (1) was prepared by the party or its attorney, (2) in anticipation of litigation or for trial. *Novartis Pharma. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 163 (D. Del. 2001); *see* Fed. R. Civ. P. 26(b)(3)(A). The party asserting the work product protection bears the burden to show that the doctrine applies. *See Elm 3DS Innovations, LLC v. Samsung Elecs. Co., Ltd.*, C.A. No. 14-1430-LPS-JLH, 2021 WL 4819904, at *2 (D. Del. Oct. 15, 2021) (citing *Magnetar Techs. Corp. v. Six Flags Theme Park Inc.*, 886 F. Supp. 2d 466, 477–78 (D. Del. 2012)).

4. **Analysis.** Expedia moves to compel the following: (1) the production of

CSL_00008665 and CSL_00011655 in unredacted form; (2) production of documents listed on rows 8–34 and 39–41 of CSL's privilege log following an *in camera* review based on the crime-fraud exception; (3) production of documents in CSL's privilege log and any documents withheld on grounds of privilege based upon an alleged waiver of privilege as to documents relating to the alleged fraudulent assignment; and (4) production of a revised privilege log.

5. **Redactions.** For the reasons stated on the record, on or before the close of business on July 8, 2025, CSL shall produce CSL_00008665 in unredacted form and shall produce CSL_00011655 with redactions as follows: ¶ 2; and the first portion of the second sentence of ¶ 3 regarding legal advice.

6. **Compliance with Federal Rule of Civil Procedure 26(b)(5)(A).** On or before the close of business on July 8, 2025, CSL shall provide Expedia with a revised privilege log in accordance with its representations on the record.

7. **Crime-Fraud Exception.** Expedia argues that the documents CSL has withheld or redacted in their privilege log are subject to the crime-fraud exception to attorney-client privilege. As the party seeking to overcome the privilege, Expedia, must show that "[w]here there is a reasonable basis to suspect that the privilege holder was committing or intending to commit a crime or fraud and that the ... attorney work product w[as] used in furtherance of the alleged crime or fraud, this is enough to break the privilege." *In re Grand Jury Subpoena*, 745 F.3d 681, 687 (3d Cir. 2014) (citation omitted). Expedia argues that it has satisfied the first prong by demonstrating that it has a "reasonable basis to suspect" that CSL was committing fraud and asks the court to conduct an *in camera* review to determine whether the second prong has been satisfied. (D.I. 214 at 2) Under the "reasonable basis to suspect" standard, "the party opposing the privilege is not required to introduce evidence sufficient to support a verdict of

crime or fraud or even to show that it is more likely than not that the crime or fraud occurred." *Kickflip, Inc. v. Facebook, Inc.*, No. CV 12-1369-LPS, 2016 WL 5929003, at *5 (D. Del. Sept. 14, 2016).

    **8.** The court DENIES without prejudice Expedia's request that the court conduct an *in camera* review of the documents listed at rows 8–34 and 39–41 of CSL's privilege log. (D.I. 214, Ex. A)  The court declines to address the sole issue for trial in the context of this discovery dispute.  Namely, the sole issue for trial is whether and when CSL acquired ownership of its alleged claim from the alleged assignors.  Expedia asks the court to find that it has demonstrated a "reasonable basis to suspect" that CSL's claims are based on fraudulent assignments.  Thus, if the court determines, following an *in camera* review, that the privileged documents in issue were used in furtherance of such fraud, then it should find the privilege abrogated and order production of the documents.   Even if the court assumes, arguendo, that Expedia has demonstrated the first prong of the crime-fraud exception, the court declines to engage in an *in camera* review of more than thirty documents on the eve of a jury trial set to begin on July 29, 2025.  The court lacks sufficient time to conduct that evaluation sufficiently in advance of the trial date so that the outcome would be of any use to the parties in their trial preparation.  Moreover, the court is concerned about the disruption to the trial schedule and potential disputes that would need to be resolved by the trial judge about the admissibility and/or scope of witness testimony concerning any additional documents that a party may seek to introduce at trial depending on the outcome of an *in camera* review.

    **9. Limited Production.**  However, the court will review, *in camera*, five documents in unredacted form identified by Expedia at Exhibit M.  (D.I. 214, Ex. M)  CSL shall submit these documents on or before the close of business on July 8, 2025, in ***unredacted*** form in a

4

clearly marked, sealed envelope containing two copies of such documents for *in camera* review. Accordingly, Expedia's motion to compel the production of these documents under the crime-fraud is DENIED-IN-PART without prejudice.

     **10. Waiver.** Expedia argues that CSL's disclosure of a confidential memo Gutierrez sent to the National Association of Sugar Mill Owners of Cuba on January 25, 1996, and a letter to Gutierrez dated February 22, 1996, from Mario Diaz-Cruz regarding property rights in Cuba, constitute a privilege waiver as to all redacted and withheld documents related to CSL's assignment theories.

     **11.** Federal Rule of Evidence 502(a) provides that a waiver extends to undisclosed information if "(1) the waiver [was] intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." *Princeton Digital Image Corp. v. Off. Depot Inc.*, No. 13-239-LPS, 2017 WL 3264068, at *1 (D. Del. Aug. 1, 2017). Expedia argues that CSL uses the privilege as a sword and a shield and "divulge[s] whatever information is favorable to [the client's] position and assert the privilege to preclude disclosure of the detrimental facts." *Id*. at *2. Expedia relies on documents from 1996 to assert a waiver of privilege of documents dated from 2017 to 2020. Expedia has not demonstrated that the disclosure of two documents from 1996 is sufficient to warrant a blanket waiver over so broad a category of all documents related to the alleged fraudulent assignment, including but not limited to the documents listed on the privilege log at Exhibit A. (D.I. 214, Ex. A) For the reasons stated on the record, the court declines to find a blanket waiver over such a broad category of documents. Accordingly, Expedia's motion to compel the production of these documents under the waiver exception is DENIED without prejudice.

**12. Conclusion.** For the foregoing reasons, IT IS ORDERED that:

**a.** Expedia's motion to compel production of CSL_00008665 and CSL_00011655 is **GRANTED-IN-PART**. CSL must produce the documents in a revised version consistent with paragraph 5 in this Order to Expedia by the close of business on July 8, 2025.

**b.** CSL must produce the documents identified in Expedia's Exhibit M, for *in camera* review consistent with paragraph 9 in this Order to the court by the close of business on July 8, 2025.

**c.** CSL must produce an updated privilege log to Expedia by the close of business on July 8, 2025.

**13.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**14.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE
