# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CENTRAL SANTA LUCIA, L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-cv-367-JLH |
| ) | |
| EXPEDIA GROUP, INC., ) | |
| ) | |
| Defendant, ) | |

## MEMORANDUM ORDER

Now, this 25th day of July, 2025, upon consideration of Plaintiff Central Santa Lucia, L.C.'s ("CSL's") letter dated July 22, 2025 (D.I. 251), and Defendant Expedia Group, Inc.'s ("Expedia's") response dated July 23, 2025 (D.I. 253), IT IS HEREBY ORDERED that CSL's request to call Lillian Sanchez by deposition is DENIED, for these reasons:

1. Federal Rule of Civil Procedure 16(e) provides:

> (e) Final Pretrial Conference and Orders. The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. . . . The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.

Fed. R. Civ. P. 16(e). Local Rule 16.3 requires that, before the final pretrial conference, the parties must file a proposed pretrial order, which must include the following (among other things): "The names of all witnesses a party intends to call to testify, whether the witness will testify in person or by deposition and, if by deposition, a list of deposition designations." D. Del. LR 16.3(c)(7).

2. The parties' Proposed Pretrial Order (D.I. 212) states that Plaintiff will call Lillian Sanchez at trial, and it also states that "CSL's witnesses will testify in person." (D.I. 212 ¶¶ 55, 60.) CSL did not include in the Proposed Pretrial Order any deposition designations for Ms. Sanchez. (*Id.* ¶ 60.) However, Expedia included in the Proposed Pretrial Order a "list of

conditional deposition designations" for Ms. Sanchez "to the extent she does not appear at trial" (*id.* ¶ 61; *id.*, Ex. 10 at 2), and CSL included counter-designations[1] to Expedia's designations (*id.* ¶ 61; *id.*, Ex. 11 at 3–4).

3. The Court held a final Pretrial Conference on July 7, 2025, and entered an Order after Pretrial Conference on July 14, 2025 (D.I. 237), which adopted the parties' Proposed Pretrial Order (D.I. 212). In accordance with Rule 16(e), the Pretrial Order (D.I. 212) now governs the presentation of evidence at trial and may be modified only "to prevent manifest injustice." Fed. R. Civ. P. 16(e).

4. On July 22, 2025, CSL submitted a letter to the Court "requesting that the Court allow Ms. Sanchez to testify via video of her . . . deposition." (D.I. 251 at 1.) The letter explains that, despite CSL's statements in the Proposed Pretrial Order and at the Pretrial Conference that its witnesses would all testify in person, CSL's counsel had not actually been in contact with Ms. Sanchez since November 2023. The letter explains that CSL's first recent contact with Ms. Sanchez occurred on July 9, 2025 (after the Pretrial Conference), at which time she told counsel that "she did not want to attend the trial." (*Id.* at 2.)

5. CSL contends (and Expedia apparently doesn't dispute) that Ms. Sanchez currently "divides her time" between Miami, Florida, and Paris, France. CSL argues that it thus has a right to present Ms. Sanchez's testimony by deposition pursuant to Federal Rule of Civil Procedure 32(a)(4)(B). *See* Fed. R. Civ. P. 32(a)(4)(B) (permitting a party to use the deposition of a witness if the Court finds "(B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party

---

[1] *See* Fed. R. Civ. P. 32(a)(6) ("If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts.").

offering the deposition"). (D.I. 251 at 2.) CSL further contends that Ms. Sanchez has suffered "a significant decline . . . in cognition and memory" and an "additional health issue . . . related to substantial alcohol consumption," and CSL argues that it thus has a right to present her testimony by deposition pursuant to Federal Rule of Civil Procedure 32(a)(4)(C). *See* Fed. R. Civ. P. 32(a)(4)(C) (permitting a party to use the deposition of a witness if the Court finds "(C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment"). (D.I. 251 at 2.) CSL has provided no documentation to support its assertion that Ms. Sanchez cannot attend or testify because of age or infirmity.[2] CSL asks the Court to permit it to call Ms. Sanchez by deposition in its case-in-chief and to play portions of Ms. Sanchez's deposition testimony that were not previously identified by CSL.

6. The problem for CSL is that—regardless of whether Rule 32(a)(4) would have allowed CSL to call Ms. Sanchez via deposition—the Pretrial Order says that CSL is calling Ms. Sanchez live, and the Pretrial Order does not contain all of the affirmative deposition designations that CSL now wants to present at trial.

7. CSL has not shown that it would suffer manifest injustice if it were not permitted to call Ms. Sanchez by deposition in its case-in-chief or to designate additional testimony. There is no reason to think that Ms. Sanchez developed a new health or age-related issue after the Court entered the Pretrial Order. And the fact that CSL didn't confirm with Ms. Sanchez that she was willing to testify at trial before CSL submitted the Proposed Pretrial Order cuts against a finding

---

[2] CSL admits that Ms. Sanchez traveled from Paris to Miami a few weeks ago. (D.I. 251 at 1.)

of manifest injustice. The Court also agrees with Expedia that it would be prejudiced if CSL were now allowed to present Ms. Sanchez by deposition at trial.

July 25, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE