# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CENTRAL SANTA LUCIA, L.C., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 22-cv-367-JLH |
| EXPEDIA GROUP, INC., | ) |
| Defendant, | ) |

## JUDGMENT FOLLOWING JURY VERDICT

WHEREAS, Plaintiff Central Santa Lucia, L.C. brought this lawsuit against Defendant Expedia Group, Inc. alleging that Defendant violated Title III of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, codified at 22 U.S.C. § 6021, et seq., effective March 12, 1996 (the "Helms-Burton Act" or "Act") (D.I. 1);

WHEREAS, to prevail in its lawsuit against Defendant, Plaintiff must prove (among other things) that it owns a claim to confiscated property, that it acquired ownership of that claim before March 12, 1996, and that Defendant knowingly and intentionally trafficked in that property;

WHEREAS, pursuant to Federal Rule of Civil Procedure 42(b), the Court bifurcated and held a separate trial on the issue of whether Plaintiff acquired ownership of its alleged claim to the property before March 12, 1996 (D.I. 150; D.I. 155; D.I. 202 at 3:17–20);

WHEREAS, Plaintiff asserted that it acquired ownership of its alleged claim to the property from 13 individuals on March 7, 1996, through three written Assignment of Rights documents;

WHEREAS, a trial commenced on July 29, 2025, and the jury rendered a unanimous verdict on July 30, 2025, finding that Plaintiff had not demonstrated, by a preponderance of the evidence, that it acquired ownership of its alleged claim to the property via written assignment;

NOW, THEREFORE, IT IS ORDERED that judgment is entered in favor of Defendant

and against Plaintiff on Plaintiff's claim under Title III of the Helms-Burton Act, to the extent Plaintiff contends that it acquired its claim to the property at issue through written assignment.

IT IS FURTHER ORDERED AND ADJUDGED that this JUDGMENT shall have the effect of denying all oral and written motions made by the parties during the trial pursuant to Federal Rule of Civil Procedure 50(a), without prejudice to, and subject to, such motions to be renewed as post-trial motions.

This JUDGMENT is entered subject to the parties' post-trial motions and briefing on the issue of equitable assignment.

This JUDGMENT serves to trigger the time for filing post-trial motions on the issue that was decided by the jury, as well as other post-trial matters such as sanctions and requests for expert fees pursuant to Federal Rule of Civil Procedure 26(b)(4)(E).

Consistent with D. Del. L.R. 54.1(a), the deadline for the prevailing party to file a bill of costs shall be within 14 days after the time for appeal has expired or within 14 days after issuance of the mandate from the appellate court.

IT SO ORDERED this 26th day of August, 2025.

                                                              _____
                                                              The Honorable Jennifer L. Hall
                                                              UNITED STATES DISTRICT JUDGE